UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANK MACIAS,

    Plaintiff

v.

STATE OF NEVADA, et al.,

    Defendants

Case No.: 3:19-cv-00310-ART-CSD

**Order**

Re: ECF Nos. 60, 61

Before the court is Plaintiff's motion for leave to amend his complaint. (ECF No. 60.) Defendants' filed a response. (ECF No. 64.) Plaintiff's motion also sought an unspecified extension of time to continue to work out differences and discrepancies concerning discovery disputes, which was docketed separately by the Clerk's Office. (ECF No. 61.) Defendants also oppose this motion. (ECF No. 65.)

For the reasons set forth below, the motions are denied.

**I. BACKGROUND**

Plaintiff is an inmate within the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP).

The court screened Plaintiff's first amended complaint (FAC) and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical need against Carpenter, Dr. Martin, Filson, Rowley and John Doe 1 when Plaintiff learns his or her identity. This claim is based on allegations that Plaintiff was taken to the hospital for treatment for a wrist injury and he was sent back to the prison and was supposed to be seen for a follow up

appointment to have a hard cast put on. Plaintiff alleges that Dr. Martin, Filson, Rowley, and John Doe 1 were aware Plaintiff had to have the cast put on within a week, but none ensured that he had the cast put on and he suffered permanent damage to his wrist.

Plaintiff was also allowed to proceed with an Eighth Amendment claim for deliberate indifference to his serious medical needs against Filson, Dr. Martin and Carpenter, based on allegations that the hospital doctors recommended surgery to correct the malunion in his wrist, but they refused to approve the surgery, and as a result his wrist is permanent deformed and he suffers in constant pain. (ECF No. 28.)

The court issued the initial scheduling order which set the deadline to amend or add parties for February 21, 2022. (ECF No. 43.) The parties stipulated to extend the discovery, dispositive motions, and joint pretrial order deadlines several times, but none of those stipulations included a proposed extension of the deadline to amend or add parties. (*See* ECF Nos. 50, 53.) As it stands, discovery closed on August 1, 2022, and dispositive motions were due by August 31, 2022. Defendants filed their motion for summary judgment on August 31, 2022. (ECF No. 55.)

Plaintiff filed his motion for leave to amend and request for an extension to work out discovery differences on September 7, 2022. (ECF Nos. 60, 61.)

Plaintiff filed his response/cross-motion for summary judgment on September 12, 2022. (ECF Nos. 61, 62.)

## II.  DISCUSSION

**A. Motion for Leave to Amend**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after

service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

In addition, Local Rule 15-1 requires that a party moving for leave to amend attach the proposed amended pleading to his or her motion. The proposed amended pleading must be complete in and of itself, without reference to the superseded pleading. LR 15-1(a). Here, Plaintiff's motion does not include a proposed second amended complaint; therefore, denial of his motion is appropriate on this basis.

Moreover, where a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*. (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiff did not seek leave to amend until September 7, 2022, which is 198 days after the scheduling order deadline to move to amend expired. Plaintiff's motion states that he received Defendants' responses to interrogatories that led him to believe additional parties should be joined on July 28, 2022. Yet, he still waited 41 days to file his motion for leave to amend. He does not explain his delay in seeking leave to amend; therefore, the court cannot find that he has demonstrated good cause. This is an additional reason for denial of his motion.

**B. Motion for Extension of Time**

Plaintiff seeks an extension for an unspecified amount of time to continue to work out differences and discrepancies concerning discovery disputes.

Discovery closed in this case, pursuant to the parties stipulation, on August 1, 2022, and dispositive motions have been filed. A motion for an extension of time that is filed beyond the deadline set in the scheduling order must be supported by a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Plaintiff does not set forth any explanation for why he waited until September 7, 2022, over a month after discovery closed, to file a motion seeking, in essence, to reopen discovery. He has not met his burden, and for this reason, his motion is denied.

### III. CONCLUSION

Plaintiff's motion for leave to amend (ECF No. 60) and motion for an extension of time (ECF No. 61) are **DENIED**.

**IT IS SO ORDERED**.

Dated: September 26, 2022

_____
Craig S. Denney
United States Magistrate Judge

4