JAMES D. URRUTIA, ESQ.
Nevada Bar No. 12885
**LJU LAW FIRM**
7575 Vegas Drive, Suite 100
Las Vegas, NV 89128
T: (702) 707-9433
F: (702) 702-2194
James@TheLJU.com
*Counsel for Plaintiff*

U.S. DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK MACIAS, | CASE NO.:   3:19-cv-00310-ART-CSD |
| Plaintiff, | |
| vs. | |
| STATE OF NEVADA, et al., | |
| Defendants. | |

### ORDER GRANTING
### <u>RENEWED MOTION TO SUBSTITUTE PARTY</u>

COMES NOW, Plaintiff, FRANK MACIAS, by and through his counsel of record, JAMES D. URRUTIA, ESQ, of LJU LAW FIRM, and renews his motion for an Order from the Court, pursuant to N.R.C.P. Rule 25(a)(1), allowing substitution of the deceased Defendant, GREGORY MARTIN for his estate.

As to his individual capacity, Plaintiff has identified a successor and serves same with this motion. Defendant, although unable to stipulate, informed Plaintiff that it would not oppose this motion. *See* Email, "In doing so, I would not oppose such a motion to substitute Gregory Martin's estate in his personal capacity.", attached hereto as **Exhibit 1**. Therefore, the Motion should be considered unopposed and should be granted. According to Local Rule IA 6-2, Plaintiff provides an Order for signature at the end of this motion.

` This Motion is made and based upon the pleadings and papers on file herein, the Points and Authorities attached hereto, and oral argument of counsel at the time this Motion is heard.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Relevant Facts and Procedural History

1. On March 22, 2023, Defendants provided notice to the Court that, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, Defendant, Gregory Martin, passed away on or about November 12, 2022. (ECF No. 79.)

2. Plaintiff moved to substitute party on May 26, 2023. (ECF No. 80.)

3. In an Order entered on July 12, 2023, the Court directed the AG's Office to undertake effort to ascertain whether there is an estate for defendant Martin. [ECF No. 83].

4. On August 11, 2023, the AG's office filed a Declaration concerning its efforts to comply with Order ECF 83. (ECF No. 86). In the Declaration the AG, stated: "I have not discovered a representative of the estate or a successor to the estate, as it appears no interested person has opened a probate estate pursuant to NRS 136.070." (ECF No. 86, pg 2, paragraph)

5. Counsel for Plaintiff was appointed as Pro Bono Counsel on January 24, 2024.

6. Through the end of 2023 and throughout 2024, Counsel for Plaintiff has discussed the matter various times with Counsel for Defendant. See Declaration of James D. Urrutia, attached hereto as **Exhibit 2**.

7. On July 12, 2024, after a telephone conference with the AG's office over Defendant Gregory Martin's Estate and Special Administrator, Plaintiff was able to locate a similar matter *Brass v. Daniels*, 2:21-CV-00074-RFB-MDC (D. Nev. July 2, 2024), in which the AG's office was able to successful locate the Defendant's Estate.

8. Shortly thereafter Plaintiff forwarded a draft Stipulation to substitute Mary Lefler as the Special Administrator for the Estate of Gregory Martin, deceased for Defendant Gregory Martin.

9. On August 9, 2024, for the first time, Defendant informed Plaintiff that it would not stipulate to a substitution, but that Plaintiff would have to file a motion. Counsel for Defendant did state that he would not oppose the Motion. **(Exhibit 1)**

## II.    Standard of Review

The Ninth Circuit Court of Appeals will review the decision to allow substitution under Fed. R. Civ. P. 25 for an abuse of discretion. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 949 (9th Cir. 2020) (citing *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000); and *Charles v. Burton*, 169 F.3d 1322, 1327 n.6 (11th Cir. 1999)).

## III.    Legal Argument

### A.  The Court Should Permit Substitution of Defendant Martin for His Estate

FRCP 25(a) permits substitution of the estate of a party after the death of that party. The claim against Martin is not extinguished by his death. Generally, the law of the forum state determines whether a Section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); see also *Robertson v. Wegmann*, 436 U.S. 584, 588-89 (1978). Nevada law provides: "Except as otherwise provided in this section, no cause of action is lost by reason of the death of any person, but may be maintained by or against the person's executor or administrator." NRS 41.100(1). "In an action against an executor or administrator, any damages may be awarded which would have been recovered against the decedent if the decedent had lived, except damages awardable under NRS 42.005 or 42.010 or other damages imposed primarily for the sake of example or to punish the defendant." NRS 41.100(2). Here, recently discovered by Plaintiff is a special administrator for the estate of Defendant Martin. Plaintiff thus moves the court to substitute Defendant Martin, deceased, for Mary Lefler as the Special Administrator for the Estate of Gregory Martin. The new caption of this case is attached hereto as **Exhibit 3**.

## CONCLUSION

Plaintiff's respectfully request that the Court order the substitution of Mary Lefler as the Special Administrator for the Estate of Gregory Martin, deceased. As a result, the caption in this matter should be amended as described in Exhibit 3.

Dated this <u>14th</u> day of August, 2024.

**LJU LAW FIRM**

*/s/ James D. Urrutia*
JAMES D. URRUTIA, ESQ.
**LJU LAW FIRM**
7575 Vegas Drive, Suite 100
Las Vegas, NV 89128
*Counsel for Plaintiff, FRANK MACIAS*

IT IS ORDERED that Mary Lefler, as the Special Administrator for the Estate of Gregory Martin, is substituted in place of Defendant Gregory Martin.

IT IS FURTHER ORDERED that the Estate of Gregory Martin shall be served within sixty (60) days of this Order.

_____
CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE

DATED: August 29, 2024

# EXHIBIT 3

JAMES D. URRUTIA, ESQ.
Nevada Bar No. 12885
**LJU LAW FIRM**
7575 Vegas Drive, Suite 100
Las Vegas, NV 89128
T: (702) 707-9433
F: (702) 702-2194
James@TheLJU.com
*Counsel for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| **FRANK MACIAS,**<br><br>Plaintiff,<br><br>vs.<br><br>**MARY LEFLER as the Special Administrator for the Estate of Gregory Martin, deceased, CORY ROWLEY; GLORIA CARPENTER,**<br><br>Defendants. | CASE NO.:   3:19-cv-00310-ART-CSD |